UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PASVIR VOLQUEZ-EL,

                Plaintiff,　　　　**REPORT AND RECOMMENDATION**
                                    　21 CV 1795 (DG)(LB)

  -against-

CITY OF NEW YORK, NYPD OFFICER
MOSES LEBRON, and POLICE SERGEANT
JAVIER LOPEZ,
                Defendants.
------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       Plaintiff Pasvir Volquez brings this fee-paid, *pro se* action under 42 U.S.C. § 1983 ("§ 1983"), alleging defendants violated his civil rights.[1] Defendants now move to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 22. The Honorable Diane Gujarati referred defendants' motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that defendants' motion should be granted, and plaintiff's amended complaint should be dismissed.

## BACKGROUND

       The following facts are drawn from allegations in plaintiff's amended complaint. ECF No. 14. On October 16, 2020, plaintiff was arrested and charged with Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree, New York State Vehicle and Traffic Law ("VAT") §511(1). ECF No. 14, ¶ 18. That evening, officers of the New York Police Department ("NYPD") stopped plaintiff's vehicle in Brooklyn because the vehicle had heavily tinted windows

---

[1] Plaintiff also invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(2); however, plaintiff fails to establish a basis for diversity. Plaintiff also alleges jurisdiction under 28 U.S.C. § 1343(a)(3), (4) and supplemental jurisdiction under 28 U.S.C. § 1367.

and no license plate. Id. ¶¶ 49–54, 68. Plaintiff admits that at the time of the traffic stop, plaintiff's vehicle had no federal or state license plate. Id. ¶¶ 57–61. Plaintiff states his vehicle is "not a type of vehicle required to be registered," because he is "not a 'Driver,' 'Operator,' 'Motorist,' or 'Passenger,'" and his car is not a "'Motor Vehicle,' 'Vehicle,' 'Device,' 'Contrivance' or 'Passenger Sedan' used in any commercial enterprise for profit, or gain, on the free and public highways, roads, and/or streets." Id. ¶¶ 31, 36.

During the traffic stop, officer Lebron repeatedly asked plaintiff for his license and registration. Id. ¶¶ 66, 71, 78. Plaintiff did not provide a license or registration. Id. ¶¶ 79, 83. Instead, plaintiff informed Lebron that he was "not 'Driving' or 'Operating' in a 'for-hire' or 'employee' capacity by engaging in any form of 'transportation' or other commercial use of the highways, roads, or streets." Id. ¶ 75, 79. Lebron told plaintiff that it did not matter whether his car was "for-hire" Id. ¶ 80. Plaintiff then handed Lebron a card that stated he was invoking his Fifth Amendment right to remain silent, Sixth Amendment right to counsel, and Fourth Amendment right to be free from unreasonable searches and seizures. Id. ¶ 83.

Lebron informed plaintiff that if he did not provide a license and registration, he would be asked to step out of the car. Id. ¶ 85. Plaintiff asked if he was going to be arrested, and Lebron told him, "not necessarily. I just want to establish [you] are licensed to 'drive.'" Id. ¶¶ 89–90. Lebron then asked plaintiff for any form of identification. Id. ¶ 92. Lebron informed plaintiff that driving with heavily tinted windows and no license plate was a violation of New York traffic law. Id. ¶¶ 100–104. Plaintiff reiterated to Lebron that he was "not 'operating' or 'driving'" Id. ¶ 105. Lebron again requested plaintiff to provide "some form of identification." Id. ¶ 109. Plaintiff provided his Department of Veteran Affairs member identification card but no driver's license. Id. ¶110.

2

Lebron asked plaintiff whether the vehicle was registered and insured. Id. ¶ 116. Plaintiff again invoked his Fifth Amendment right not to incriminate himself. Id. ¶¶ 114, 117–18. Lebron asked plaintiff for proof of insurance and the vehicle's registration again and noticed that the vehicle identification number on plaintiff's vehicle was covered. Id. ¶¶ 119, 120. Plaintiff states that he had covered the identification number with a piece of paper. Id. ¶ 121. Lebron informed plaintiff that if he was unable to identify the vehicle and establish that it was not stolen, he would have to impound the car. Id. ¶ 125.

Plaintiff did not provide proof of insurance or registration, instead he asked if Lebron had a warrant to search the vehicle. Id. ¶ 135. Lebron ordered plaintiff to exit the vehicle. Id. ¶ 136. Plaintiff informed Lebron that he did not consent to any searches or seizures. Id. ¶ 148. Lebron told plaintiff that he was being arrested, and placed him in handcuffs. Id. ¶¶ 165, 170. Plaintiff and his vehicle were transported to the NYPD 79th precinct, where plaintiff was detained for four hours and thirty minutes. Id. ¶¶ 186, 198.

Plaintiff was charged with Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree, VAT § 511(1). Id. ¶ 18. The criminal complaint states that plaintiff was "observed operating a blue 2015 BMW with excessive window tints (18%) and no government plate." Id. ¶ 19. At the time of his arrest, plaintiff was driving with a suspended license and the car was an unregistered/uninsured vehicle. Id. The charge against plaintiff was Adjourned in Contemplation of Dismissal and ultimately dismissed.[2] ECF No. 21 at 66.

---

[2] The People of the State of New York v. Pasvir Volquez, CR-023652-20KN, (Crim. Ct, Kings County, July 26, 2021). A court may take judicial notice of documents filed in other courts. See Rates Tech. Inc. v. Speakeasy, Inc., 685 F.3d 163, 166 n.3 (2d Cir. 2012) (quoting Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006) ("a court may take judicial notice of documents filed in other courts… to establish the fact of such litigation and related filings")).

## PROCEDURAL HISTORY

Plaintiff commenced this *pro se* action on April 1, 2021. ECF No. 1. Defendants moved to dismiss plaintiff's complaint, ECF No. 13. The Court granted plaintiff leave to amend his complaint, and plaintiff filed his amended complaint on July 16, 2021. ECF No. 14. Defendants[3] now move to dismiss plaintiff's amended complaint. ECF No. 22. Defendants served plaintiff with Local Rule 12.1 Notice. Id. at 35. Plaintiff opposes defendants' motion, ECF No. 23, and defendants have replied. ECF No. 24.

## DISCUSSION

Plaintiff brings this action asserting that he has special status as a "sovereign citizen." Plaintiff states he is a "born alive aborigine American native, human being, and Civilian internationally ('protected person') outside the United States, is an Free[man] inhabitant currently 'domiciled by choice' within the limits of Bronx County; and is Moorish-American Citizen of the foreign state New York." ECF No. 14 ¶ 9. Because of his "sovereign citizen" status, plaintiff states he is not subject to New York's vehicle and traffic laws. Plaintiff is mistaken. Plaintiff is not exempt from New York's vehicle and traffic laws. Defendants' motion to dismiss should be granted as plaintiff's amended complaint fails to state a claim that defendants violated his civil rights during the October 16, 2020 traffic stop.

---

[3] Defendants' motion to dismiss raises that Lebron and Lopez were never properly served with process in this action. ECF No. 22 at 11 n.1. Plaintiff was warned that he must serve defendants with a copy of the summons and complaint by July 5, 2021 pursuant to Federal Rule of Civil Procedure 4(m). ECF No. 5. Summonses were issued for the City of New York and Moses Lebron on April 8, 2021. The City was served on April 20, 2021. ECF No. 7. Plaintiff amended his complaint to include defendant Lopez on July 16, 2021. ECF No. 14. Plaintiff has not filed proof of proper service on defendants Lebron and Lopez. Therefore, plaintiff's claims against defendants Lebron and Lopez should be dismissed under Fed. R. Civ. P. 4(m). However, even if Lebron and Lopez had been timely served, plaintiff's amended complaint against them would be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## I. Standard of Review

A complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), plaintiff must do more than allege facts that are "merely consistent with a defendant's liability," or "speculative," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); he must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556)). If a plaintiff does not "nudge[] [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Twombly, 550 U.S. at 570. When a plaintiff proceeds *pro se*, the Court has an obligation to "liberally construe" the complaint. Erickson v. Pardus, 55 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (quoting Estelle, 429 U.S. at 106).

A court reviewing a motion to dismiss must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. See Twombly, 550 U.S. at 555–56; In re NYSE Specialists Sec. Litig., 503 F.3d 89, 91 (2d Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. When considering a motion to dismiss under Rule 12(b)(6), the Court is confined to material contained in the complaint, attached to it, or incorporated by reference. See Sierra Club v. Con-Strux, LLC, 911 F.3d 85, 88 (2d Cir. 2018) (quoting L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011)); Chambers v. Time Warner Inc., 282 F.3d 147, 152 (2d. Cir. 2002). However, a court may take judicial notice of documents filed in other courts. See Rates Tech. Inc. v. Speakeasy, Inc., 685 F.3d 163, 166 n.3 (2d Cir. 2012)

5

(quoting Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir.2006) ("a court may take judicial notice of documents filed in other courts… to establish the fact of such litigation and related filings")).

## II. Plaintiff's "Sovereign Citizen" Status

Plaintiff's fifty-two page complaint asserts numerous violations of his rights,[4] including violation of his First Amendment right to the free exercise of religion, kidnap, and "fictitious address."[5] ECF No. 14 ¶¶ 240, 270-74. The crux of plaintiff's amended complaint is his false arrest claim for driving an unregistered car without a license. To the extent plaintiff bases his claims on his belief that as a Moorish American Citizen he is not subject to the vehicle and traffic law, his amended complaint should be dismissed as frivolous.

A district court may dismiss a case, *sua sponte*, even when plaintiff has paid the filing fee, if it determines that the action is frivolous. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000). An action is frivolous as a matter of law when "the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 473 (2d Cir. 1998). Plaintiff relies on his "sovereign citizen" status to claim he is exempt from New York's traffic laws and to support his § 1983 claims against defendants. This legal theory lacks merit and has been universally rejected by the federal courts.

---

[4] Plaintiff claims defendants deprived him of the right to "liberty and pursuit of happiness," free exercise of religion, "free egress and ingress," and "other inherent/fundamental rights, interests, privileges, immunities and constitutional rights" under the First, Fourth, and Fifth Amendments, ECF. No. 14 ¶ 240; "false detainment," Id. ¶¶ 245-55; "wrongful imprisonment," Id. ¶¶ 256-60; conspiracy to deprive constitutional rights, Id. ¶¶ 261-64; failure to intervene, Id. ¶ 268; "kidnap of internationally protected person," Id. ¶¶ 271-72; "invasion of privacy and fictitious address," Id. ¶¶ 274-76; as well as municipal liability and respondeat superior, Id. ¶¶ 279, 291.

[5] "When sovereign citizens are brought into a court for any violation of the law, even for a violation as minor as traffic violations or failure to pay pet-licensing fees, these litigants will file dozens of court filings containing hundreds of pages of pseudo-legal nonsense. This 'pseudo-legal nonsense' refers to the apparent code language employed by sovereign citizens, which most courts and lawyers do not understand because they are not recognized legal principles." Mellie Ligon, The Sovereign Citizen Movement: A Comparative Analysis with Similar Foreign Movements and Takeaways for the United States Judicial System, 35 Emory Int'l L. Rev. 297, 307 (2021).

Plaintiff states that he is a Moorish American adherent of the Moorish Sovereign Citizen Movement. "The sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." United States v. Ulloa, 511 F. App'x 105, 106 n.1 (2d Cir. 2013) (summary order). Based on this belief, adherents of the sovereign citizen movement ironically inundate the court system with frivolous claims in an effort to shield themselves from the laws of the local government and the jurisdiction of the courts. See, e.g., Anaan v. State of New York Dep't of Motor Vehicles, 15-CV-1058, 2016 WL 8189269 (E.D.N.Y. March 2, 2016) (*sua sponte* dismissal of a plaintiff's complaint alleging defendants violated his right by enforcing traffic laws as frivolous).[6] "Theories presented by redemptionist, and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources." Buchholz-Kaestner v. Fitzgerald, 16-CV-0604, 2017 WL 2345589, at *6 (N.D.N.Y. May 30, 2017) (collecting sovereign citizen cases) (quoting Muhammad v. Smith, 13-CV-0760, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014)). Plaintiff's instant case is no different, asserting that his "sovereign citizen" status exempts him from enforcement of New York's vehicle and traffic laws.

Plaintiff claims defendants Lebron and Lopez unlawfully arrested him. Yet, plaintiff admits that he was violating New York's traffic law: he did not possess a license at the time of his arrest, and his vehicle did not have a license plate. ECF No. 14 ¶¶ 38, 163, 181. Plaintiff argues that *because* he has no driver's license and his car has no license plate, neither he nor his car are subject to New York's vehicle and traffic laws; therefore, the police did not have probable cause to arrest him. See e.g., id. ¶ 35 ("there exists no binding contract requiring My adherence to statutorily

---

[6] The Clerk of Court is directed to send plaintiff the attached copies of all the unreported cases cited herein.

authorized VTL or City administrative codes, rules and regulations that which defendants or other officers acting in a law enforcement capacity can legally enforce upon Me, the born alive human being and innocent Traveler"); id. ¶ 36 ("I am an Private Human Being, and not a "Driver" "Operator," "Motorist," or "Passenger"; and further, My conveyance is not a "Motor Vehicle," "Vehicle," "Device," "Contrivance" or "Passenger Sedan"); id. ¶ 163 ("I assert that I am not compelled or required to have a certificate of convenience and necessity ('drivers' 'license') to exercise My God-Allah given unalienable Right,"); id. ¶ 167 ("I assert that the jurisdiction of the statutorily authorized (non-positive) State of New York Vehicle and Traffic Law… resulting in My detainment and seizure, are inapplicable unto My internationally protected person/living body and do not apply to Me or My private property,"). Plaintiff's amended complaint is frivolous.

Plaintiff's legal theory has been universally rejected by federal courts—the "law is clear that Moorish Americans, like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside." Smith ex rel. Bey v. Kelly, 12-CV-2319, 2012 WL 1898944, at *2 (E.D.N.Y. May 24, 2012) (collecting cases); see, e.g., Atum v. Ricigliano, 12-CV-2447, 2012 WL 3230529, at *2 (E.D.N.Y. July 31, 2012) (rejecting the contention that Moorish Nationals are not subject to New York State laws); Gordon v. Deutsche Bank Nat. Trust Co., 11-CV-5090, 2011 WL 5325399, *1 n.1 (E.D.N.Y. Nov. 3, 2011) (citation omitted) ("Plaintiff's suggestion that as a member of the 'Moorish-American' nation he is immune from the laws of the United States is misguided."); Bey v. Bailey, 09-CV-8416, 2010 WL 1531172, at *4 (S.D.N.Y. Apr. 15, 2010) (citations omitted) ("[T]he suggestion that Petitioner is entitled to ignore the laws of the State of New York by claiming membership in the "Moorish-American" nation is without merit."); see also, Commonwealth v. Lewis, No. 1857 WDA 2017, 2018 WL 2728337, at *2 (Pa. Super. Ct. June 7, 2018) (Rejecting plaintiff's sovereign citizen claim that he was not subject to the motor

vehicle code as frivolous). New York vehicle and traffic laws apply to everyone traversing the roads, VAT § 1101 ("it is a traffic infraction for *any person* to do any act forbidden or fail to perform any act required in this title") (emphasis added). Moreover a "motor vehicle" is defined as "every vehicle operated or driven upon a public highway which is propelled by any power other than muscular power," without regard to whether the vehicle is "for-hire" or for personal use. VAT § 125. Plaintiff's amended complaint alleging that New York's vehicle and traffic laws do not apply to him based on his "sovereign citizen" status is frivolous and should be dismissed.

**III. Probable Cause for the Traffic Stop and Arrest**

*A. Claims against the Officers*

Plaintiff's claims against Officers Lopez and Lebron should be dismissed without prejudice for failure to serve them. Fed. R. Civ. P. 4(m). Even if plaintiff had properly served officers Lopez and Lebron, which he did not, the action against them would be dismissed as defendants' actions on October 16, 2020 did not violate plaintiff's constitutional rights. Although, the "[t]emporary detention of individuals during the stop of an automobile by the police … constitutes a 'seizure' of 'persons' within the meaning of [the Fourth Amendment]," a traffic stop satisfies the Fourth Amendment requirements if the "officer making a traffic stop ha[s] probable cause or reasonable suspicion that the person stopped has committed a traffic violation." United States v. Gomez, 877 F.3d 76, 86 (2d Cir. 2017) (citations omitted). Furthermore, "[i]t is well-settled that '[p]robable cause is a complete defense to an action for false arrest brought under New York law or § 1983.'" Pierre v. City of New York, 531 F. Supp. 3d 620, 625 (E.D.N.Y. 2021) (quoting Ackerson v. City of White Plains, 702 F.3d 15, 19 (2d Cir. 2012)). The Supreme Court has held that "warrantless arrests for crimes committed in the presence of an arresting officer are reasonable under the

9

Constitution ....” Virginia v. Moore, 553 U.S. 164, 167, 176, (2008) (finding a warrantless arrest for misdemeanor traffic violation constitutional).

Plaintiff's amended complaint admits that the vehicle he was in had no license plate, ECF No. 14 ¶ 4; he therefore violated VAT § 402(l)(A) (requiring state issued license plates). Officer Lebron had probable cause to stop plaintiff on this basis. See U.S. v. Jenkins, 452 F.3d 207, 212 (2d Cir. 2006) (finding "no error in the District Court's determination that the initial basis for the stop of the SUV was valid because the officers reasonably believed that the SUV lacked license plates,"). Plaintiff's failure to produce his license to the officer is presumptive evidence that he was driving without a valid license in violation of VAT § 511(1). VAT § 507(2). Such misdemeanor traffic violations constitute probable cause for plaintiff's arrest. Virginia, 553 U.S. at 167; Wachtler v. County of Herkimer, 35 F.3d 77, 80 (2d Cir. 1994) (finding the officer had probable cause to arrest a driver who failed to provide a license); Pierre, 531 F. Supp. 3d at 625–26 ("[d]efendants had probable cause to arrest [p]laintiff for traffic violations committed in their presence.").

   *B. Claims against the City*

A municipal entity may only be held liable under § 1983 when a plaintiff shows that an officially adopted custom, policy, or practice of the municipality caused the constitutional injury. Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 691 (1978). To establish municipal liability, a "plaintiff must show a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Outlaw v. City of Hartford, 884 F.3d 351, 373 (2d Cir. 2018).

Because "a Monell claim cannot succeed without an independent constitutional violation," id. 874, plaintiff's failure to establish that the officers violated his civil rights

10

forecloses his claim against the City. Fappiano v. City of New York, 640 F. App'x 115, 121 (2d Cir. 2016) (summary order) ("failure to establish his claim against [the officers] forecloses his claim against the City of New York because in the absence of an underlying constitutional violation by a city employee, there is no municipal liability under Monell.") (citing City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)); Matican v. City of New York, 524 F.3d 151, 154 (2d Cir. 2008) (explaining that if there is no constitutional violation by a governmental actor, a city cannot be liable "regardless of whether the officers acted pursuant to a municipal policy or custom"). Plaintiff fails to establish his constitutional rights were violated by the officers, therefore he cannot establish municipal liability against the City.[7]

**IV. Plaintiff's State Law Claims**

To the extent plaintiff pleads any state law claims, the Court should decline to exercise supplemental jurisdiction over them. Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003); see Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York, 464 F.3d 255, 262 (2d Cir. 2006) (citing Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006)) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims").

## CONCLUSION

Accordingly, it is respectfully recommended that defendants' motion to dismiss plaintiff's amended complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) should be

---

[7] Defendants' motion to dismiss addresses all potential claims raised by the amended complaint, including malicious prosecution, failure to intervene, *respondeat superior,* civil conspiracy, violation of plaintiff's First Amendment rights to free speech and free exercise, Fifth Amendment rights, and right to privacy. As the basis of plaintiff's amended complaint is without merit, there is no need to separately address these claims.

11

granted.[8]  Plaintiff's claims against Officers Lopez and Lebron should be dismissed without prejudice for failure to serve.  Fed. R. Civ. P. 4(m).  Any state law claims should be dismissed without prejudice as the Court should decline to exercise jurisdiction over them. Although plaintiff paid the filing fee to commence this action, the Court should explicitly certify that any appeal would not be taken in good faith and *in forma pauperis* status should therefore be denied for the purpose of an appeal. 28 U.S.C. § 1915(a)(3); see Coppedge v. United States, 369 U.S. 438, 444 (1962).

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

Dated: August 22, 2022                                    /S/
      Brooklyn, NY                                 LOIS BLOOM
                                                     United States Magistrate Judge

---

[8] As plaintiff has already been afforded the opportunity to amend his complaint, leave to amend should not be granted as any amendment would be futile. Grullon v. City of New Haven, 720 F.3d 133, 140 (2d Cir. 2013) ("leave to amend may properly be denied if the amendment would be 'futil[e]'") (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) ("the problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile.").